# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO PASILLAS,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O SOTO,<br><br>        Defendant. | Case No. 1:16-cv-00487-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS ACTION TO A DISTRICT JUDGE<br><br>(ECF Nos. 1, 6, 7)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

       Plaintiff Ernesto Pasillas is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction on April 14, 2016. (ECF No. 5.) On April 13, 2017, Defendant Soto consented to United States Magistrate Judge jurisdiction. (ECF No. 15.)

       On June 16, 2016, Magistrate Judge Dennis L. Beck screened Plaintiff's complaint finding that it stated a cognizable claim against Defendant Soto under the Eighth Amendment but did not state any other cognizable claims. (ECF No. 6.) Plaintiff was ordered to either file an amended complaint or notify the Court that he was willing to proceed only the claim found to be cognizable in the June 16, 2016 order. (Id.) On June 29, 2016, Plaintiff filed a first amended complaint. (ECF No. 7.) On September 8, 2016, the action was reassigned to the undersigned upon the

1

retirement of Magistrate Judge Beck. (ECF No. 8.) On September 19, 2016, this Court construed the first amended complaint as a notice that Plaintiff wished to proceed on the claims found to be cognizable and dismissed Defendants Wilson and Moss from the action for Plaintiff's failure to state a cognizable claim. (ECF No. 9.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the above-described claims in its September 19, 2016 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claim, and that the claims described above be dismissed, for the reasons explained herein.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that

each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently incarcerated at Golden State Modified Community Correctional Facility ("GSMCCF"), where the events at issue occurred.

Plaintiff alleges that on February 20, 2015, between 8:40 p.m. and 9:00 p.m., he was assaulted by another inmate. (Compl. 4,[1] ECF No. 1.) The incident took place in front of Defendant Soto, who was on duty at the time. (Id.) While playing Monopoly on the table in front of the podium, an inmate punched Plaintiff in the face. (Id.) Defendant Soto noticed it right away and said, "Cut it out." (Id.)

Surprised, Plaintiff asked the inmate why he did it, but the inmate just punched Plaintiff again. (Compl. 4.) At that point, Plaintiff stood up and backed up towards Defendant Soto, looking and hoping for assistance. (Id.) However, Defendant Soto only radioed for backup once, and just "kept watching the assault in shock." (Id.) After Plaintiff backed up, the inmate came towards Plaintiff and punched him again. (Id.) Plaintiff was scared for his life, and hoped that someone would help, but no one came, even after Defendant Soto radioed for help. (Id.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

1         After the inmate punched Plaintiff again, the inmate went back to his bed rack in the back of the dorm and Plaintiff thought that after the assault was over. (Compl. 4.) Plaintiff thought that Defendant Soto would take Plaintiff out of the dorm, or get him some help, but she did nothing. (Id.) Defendant Soto "just stood there completely frozen and nervously laughing." (Id.) A minute later, the inmate returned and continued to assault Plaintiff. (Id.) After the inmate punched Plaintiff a few more times, he left to go back to his bed. (Id.) Plaintiff was scared and stunned because no one was coming to help. (Id.)

        A few minutes later, to Plaintiff's surprise, the inmate came back another time and continued the assault. (Compl. 4.) This time, the inmate did not stop punching until Plaintiff was knocked down and bleeding profusely above his left eye. (Id. 4-5.) The inmate returned to his bed and Plaintiff finally received help from another inmate who brought Plaintiff his shirt to stop the bleeding, and a chair to sit on. (Id. 5.) More than five minutes passed from the time the first punch was thrown, but no officer had arrived to help. (Id.) Defendant Soto kept watching in shock as the other inmate helped Plaintiff and was preparing to clean up the blood. (Id.)

        As Plaintiff got up from the chair, the attacking inmate came back and was ready to continue his assault. (Compl. 5.) By luck, Officer Castro was recalling the yard and noticed Plaintiff with blood on his face. (Id.) Officer Castro came in the dorm, asked what happened and then radioed for help. (Id.) Plaintiff noticed the attacking inmate going back to his bed when he saw that Officer Castro was present. (Id.)

        Finally, more officers came and Plaintiff was taken to a holding cell. (Compl. 5.) Before they took him away, Plaintiff heard one of the officers ask Defendant Soto why she did not radio for help or backup. (Id.) Defendant Soto told them that she did. (Id.) Plaintiff contends that even after Defendant Soto radioed for help, no officer was aware of the assault. (Id.) After Defendant Soto noticed that help did not arrive, she did absolutely nothing to help, or try to get help from another officer nearby. (Id.) If Officer Castro had not recalled the yard and noticed Plaintiff's face, Plaintiff believes that he would have been more seriously injured. (Id. 5-6.) When Plaintiff was taken to the holding cell, Lt. Hogan and other officers stayed in the pod to investigate the incident. (Id. 6.)

1 | Plaintiff was examined by medical staff that night, and was found to have suffered a deep laceration above his left eye and on his ear. (Compl. 6.) Plaintiff also had severe head trauma and swelling all over his face and head. (Id.) The medical staff gave Plaintiff some ice and a bandage, and suggested that Plaintiff be sent to another prison for stitches and further evaluation because they were better equipped to handle certain medical situations. (Id.) Plaintiff chose not to go, however, because he "just wanted the night over with and [to] go back to bed." (Id.) Plaintiff was allowed to return to his dorm around 12:15 a.m. (Id.) Plaintiff was notified that he would not receive a Rules Violation Report because he never threw a punch. (Id.) The inmate who attacked Plaintiff was moved from GSMCCF. (Id.)

Plaintiff brings this action against Defendants E. Soto, Warden W. Wilson, and Chief Contract Beds Unit J.W. Moss seeking monetary damages and injunctive relief.

## III.

## DISCUSSION

### A. Failure to Intervene

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

1    At the pleading stage, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Soto for failure to intervene.

### B. Liability Under Section 1983

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014)) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's complaint is devoid of any factual allegations against either Defendant Wilson or Defendant Moss, and he fails to state a claim for this reason. To the extent that Plaintiff seeks to state a claim against Defendants Wilson or Moss based on their supervisory positions, he cannot do so. As explained above, a constitutional violation must be premised on individual participation, and cannot rest solely on Defendants' positions as supervisors. Plaintiff fails to offer any allegations to demonstrate that Defendants Wilson or Moss were personally involved in the deprivation of his rights, or that the deprivation was the result of a deficient policy. Plaintiff has failed to state a cognizable claim against Defendants Wilson or Moss.

### C. First Amended Complaint

On June 29, 2016, Plaintiff filed a first amended complaint in response to the order requiring him to file an amended complaint or notify the Court that he was willing to proceed on

1 | the claims found to be cognizable. (ECF No. 7.) In his first amended complaint, Plaintiff does not
2 | reallege the claims that were found to be cognizable in the June 16, 2016 order despite the
3 | advisement that "an amended complaint supersedes the original complaint, <u>Lacey</u>, 693 F.3d at 907
4 | n.1, and it must be 'complete in itself without reference to the prior or superseded pleading,' Local
5 | Rule 220." (ECF No. 6 at 6.) Rather, Plaintiff agreed that he could not allege any facts against
6 | Defendant Moss, but stated that he wished to maintain his claims against Defendant Wilson. (First
7 | Am. Compl. 3-4, ECF No. 7.) Plaintiff requested that the Court honor the previously stated
8 | allegations that were found sufficient to state a claim against Defendant Soto and keep Defendant
9 | Wilson in the action based on the allegations contained in the first amended complaint. (<u>Id.</u> at 5.)
10 | Plaintiff additionally requested that if Defendant Wilson was dismissed from this action that the
11 | Court honor the relief stated in the original complaint. (<u>Id.</u> at 5-6.)

Although the Court originally found that this first amended complaint was notice that Plaintiff wished to proceed on the claims found to be cognizable in the June 16, 2016 order, on further review, the Court finds that Plaintiff's first amended complaint should have been screened. Accordingly, the Court shall address the allegations in the first amended complaint.

Plaintiff alleges that Defendant Wilson denied him due process and was deliberately indifferent in violation of the Eighth Amendment. (ECF No.7 at 3.) Defendant Wilson signed the responses to Plaintiff's grievances at the first and second levels which found that "Staff did not violate policy and procedure." (<u>Id.</u> at 3-4.) Plaintiff contends that Defendant Wilson turned a blind eye to the constitutional violations being committed by staff against Plaintiff and signed off under color of authority that no policy was violated. (<u>Id.</u> at 4.) Plaintiff additionally believes that this is a recurring procedure under Defendant Wilson's watch at GSMCCF. (<u>Id.</u>)

While Plaintiff contends that Defendant Wilson signed off on the appeal responses, the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. <u>Ramirez v.</u>

Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

As discussed above, the Eighth Amendment is violated where a prison official is deliberately indifferent to conditions posing a substantial risk of serious harm to an inmate; and deliberate indifference occurs when an official acts or fails to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Plaintiff alleges that Defendant Wilson signed off on responses to his inmate appeal which found that staff had not violated procedure. This is not one of those situations where a prison administrator could be found liable during the appeals process by knowing turned a blind eye to an ongoing constitutional violation. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.2006). There is no indication that Plaintiff continued to be at a risk of harm following the initial attack on February 20, 2015. Further, Plaintiff alleges in his complaint that the inmate who attacked him was transferred from the facility after the attack. Plaintiff fails to allege any facts by which the Court can infer that Defendant Wilson knew Plaintiff was at a substantial risk of harm by signing off on Plaintiff's inmate appeals. Iqbal, 556 U.S. at 678-79.

Plaintiff also alleges that this signing off on inmate appeals finding that no policy has been violated is a recurring procedure under Defendant Wilson's watch. A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). A policy can be one of action or inaction, but both claims require that the plaintiff prove a constitutional violation has occurred. Waggy, 594 F.3d at 713. To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from

1  an official policy or custom established by a . . . policymaker possessed with final authority to
2  establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff
3  show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs
4  or policies that amount to deliberate indifference;" and "these customs or policies were the
5  moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

6        Liberally construed, Plaintiff is alleging that Defendant Wilson has established a policy of
7  affirming findings of no violation of procedure where an employee has engaged in misconduct.
8  Here, Plaintiff alleges that Defendant Wilson signed off on the responses to his grievance which
9  found that Defendant Soto did not violate procedure and states that he believes that this is a
10 recurring procedure by Defendant Wilson. However, Plaintiff's conclusory statement that he
11 believes this is a recurring procedure is not sufficient to state a claim. The first amended
12 complaint contains no factual allegations to support a recurring procedure and Plaintiff has failed
13 to allege any facts regarding the procedure that was alleged violated during the initial inmate
14 assault. Plaintiff has failed to state a cognizable claim against Defendant Wilson.

15     **D.**    **Leave to Amend**

16       Under Rule 15(a) of the Federal Rules of Civil Procedure, leave shall be freely given
17 when justice so requires. Fed. R. Civ. P. 15(a)(2).

18       In the June 16, 2016 order, Plaintiff was specifically advised regarding the law for
19 supervisory liability and situations in which reviewing an inmate appeal would impose liability
20 upon a prison official. (ECF No. 6 at 5.) Despite being provided with guidance from the Court
21 regarding the deficiencies in his claims and granted leave to file an amended complaint, Plaintiff
22 has filed an amended complaint that fails to cure the deficiencies identified in his claims against
23 Defendant Wilson. Further, Plaintiff concedes that he is unable to allege any facts to link
24 Defendant Moss to a constitutional violation. (ECF No. 7 at 3.)

25       Based upon the allegations in Plaintiff's original and first amended complaint, the Court
26 is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a
27 denial of due process or deliberate indifference in violation of the Eighth Amendment, and
28 further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir.

2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th. Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir. 1987).

Plaintiff has requested that if the Court finds that Defendant Wilson should be dismissed from this action he be allowed to proceed on the original complaint against Defendant Soto. Accordingly, the Court shall recommend that this action proceed on the complaint filed April 7, 2016, against Defendant Soto for failure to intervene in violation of the Eighth Amendment.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim;
2.  This action proceed on the complaint filed April 7, 2016, against Defendant Soto for failure to intervene in violation of the Eighth Amendment;
3.  Defendants Wilson and Moss be dismissed from this action for Plaintiff's failure to state a claim against them;
4.  All remaining claims in the complaint be dismissed for failure to state a cognizable claim;
5.  The Clerk of the Court is directed to randomly assign this action to a district judge; and
6.  If these findings and recommendations are adopted, this action be reassigned to the undersigned based on the consent of the parties to Magistrate Judge jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE